IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEVAN BURROUGHS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:15-cv-542-TFM |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act* (Doc. 22, filed 6/6/16). Defendant does not object to an award of fees in the amount of $2,421.82 representing 12.75 hours of attorney time. *See* Doc. 24.

On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L.Ed.2d 91 (2010) in which the Court also unambiguously held that attorney's fees are awarded to the prevailing litigant – not to prevailing litigant's attorney – and are therefore also subject to any offset for debts.

Accordingly, upon consideration of the motion, and for good cause, it is ORDERED as follows:

1. That the motion for attorney's fees (Doc. 22) is hereby GRANTED.

      2.      The plaintiff is hereby AWARDED fees in the amount of $2,421.82.

      3.      To the extent that plaintiff's counsel requests that fees should be awarded to directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. See 28 U.S.C. § (d)(2)(B). *See also Reeves, supra*. The motion that fees be paid directly to counsel is hereby DENIED.

      DONE this 20th day of July, 2016.

                              /s/ Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE